IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

TERRA CARROLL,
      Petitioner,

vs.                                Case No.: 4:17cv21/WS/EMT

OFFICE OF THE PUBLIC DEFENDER
and JON WHEELER,
      Respondents.
_____/

## REPORT AND RECOMMENDATION

This matter is before the court on Petitioner's petition for writ of habeas corpus (ECF No. 1). The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b)(1)(B), (C) and Fed. R. Civ. P. 72(b). After careful consideration of all issues raised by Petitioner, it is the opinion of the undersigned that the petition should be dismissed without prejudice on the ground that the abstention doctrine set forth in Younger v. Harris, 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971), applies.

I.     BACKGROUND

Petitioner was arrested in Santa Rosa County Florida on or about September 10, 2016 (ECF No. 1 at 17).[1] She was charged in Case No. 2016-CF-1406 (*see id.* at 3,

---

[1] The page references used in this Report reflect the page numbers as enumerated in the court's electronic docketing system rather than those Petitioner may have assigned.

7), and deemed incompetent to proceed (*see id.* at 4, 7–29).[2]  Petitioner is currently detained at the Florida State Hospital (*see id.* at 1).

In the instant habeas petition, Petitioner challenges her continued confinement on grounds that the public defender's office is providing ineffective assistance of counsel in representing her, and she is being denied her constitutional right to access the courts and represent herself in the state criminal proceedings (ECF No. 1 at 2–29). Petitioner requests discharge from custody and dismissal of the pending criminal charges (*id.* at 30).

II.     ANALYSIS

This cause of action is subject to dismissal pursuant to the Younger abstention doctrine.  This doctrine, announced in Younger v. Harris, 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669  (1971), reaffirmed the "strong federal policy against federal-court interference with pending state judicial proceedings." Middlesex Cnty. Ethics Comm.

---

[2] The court takes judicial notice of information available on the database maintained by the Santa Rosa County Clerk of Court.  *See* Fed. R. Evid. 201; United States v. Berrojo, 628 F.3d 368, 369 (5th Cir. 1980) ("The doctrine of judicial notice permits a judge to consider a generally accepted or readily verified fact as proved without requiring evidence to establish it."); *see also* Mangiafico v. Blumenthal, 471 F.3d 391, 398 (2d Cir. 2006) (district court permissibly looked to docket sheets in ruling on motion to dismiss because "docket sheets are public records of which the court could take judicial notice"); In re Salem, 465 F.3d 767, 771 (7th Cir. 2006) (taking judicial notice of state court dockets and opinions); Dawson v. Mahoney, 451 F.3d 550, 551 (9th Cir. 2006) (taking judicial notice of state court orders and proceedings); United States v. Mercado, 412 F.3d 243, 247–48 (1st Cir. 2005) (taking judicial notice of state court docket entries).  According to the docket sheet of that case, Petitioner was charged in the Santa Rosa County Circuit Court, Case No. 2016-CF-1406, with one count of fleeing or eluding a law enforcement officer at a high speed, and one count of resisting an officer without violence.  *See* www.santarosaclerk.com (follow "Search Court Records" hyperlink; then follow "Go To Search Court Records" hyperlink; then follow "Case Search" hyperlink; then search Case Number "2016 Felony (CF) 001406").  On October 19, 2016, the state court adjudicated Petitioner incompetent to proceed and committed her to the custody of Florida Department of Children and Families.

v. Garden State Bar Ass'n, 457 U.S. 423, 431, 102 S. Ct. 2515, 73 L. Ed. 2d 116 (1982).  Abstention is not in order simply because a pending state-court proceeding involves the same subject matter.  *See* New Orleans Pub. Serv., Inc. v. Council of City of New Orleans, 491 U.S. 350, 373, 109 S. Ct. 2506, 105 L. Ed .2d 298 (1989) ("[T]here is no doctrine that . . . pendency of state judicial proceedings excludes the federal courts.").  The Supreme Court has recognized, however, certain instances in which the prospect of undue interference with state proceedings counsels against federal relief.  *See id.* at 368.  Younger exemplifies one class of cases in which federal-court abstention is required:  When there is a parallel, pending state criminal proceeding, federal courts must refrain from enjoining the state prosecution.

In the instant case, the proceedings in Petitioner's criminal case are ongoing; therefore, the instant case falls within the scope of Younger.  Further, it does not appear that Petitioner has been threatened with any injury other than that incidental to every criminal proceeding brought lawfully and in good faith.  Petitioner has not alleged the existence of circumstances under which an injunction against the

enforcement of the state criminal statutes could properly issue.[3]   Therefore, this

federal court should abstain from assuming jurisdiction over Petitioner's claims.

Accordingly, it is respectfully **RECOMMENDED**:

That the petition for writ of habeas corpus (ECF No. 1) be **DISMISSED**

without prejudice on the ground that the abstention doctrine set forth in Younger v.

Harris, 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971) applies.

At Pensacola, Florida, this 17th day of January 2017.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

---

[3] For example, in Dombrowski v. Pfister, 380 U.S. 479, 85 S. Ct. 1116, 14 L. Ed. 2d 22 (1965), the Supreme Court held that an injunction could properly issue under the circumstances presented in that case, which showed that the state criminal prosecution was brought in bad faith and for the purpose of harassment.  In Dombrowski, the complaint made substantial allegations that:

> the threats to enforce the statutes against appellants are not made with any expectation of securing valid convictions, but rather are part of a plan to employ arrests, seizures, and threats of prosecution under color of the statutes to harass appellants and discourage them and their supporters from asserting and attempting to vindicate the constitutional rights of Negro citizens of Louisiana, . . . .

380 U.S. at 482.  The appellants in Dombrowski had offered to prove that their offices had been raided and all their files and records seized pursuant to search and arrest warrants that were later summarily vacated by a state judge for lack of probable cause. *See* Younger, 401 U.S. at 48.  They also offered to prove that despite the state court order quashing the warrants and suppressing the evidence seized, the prosecutor was continuing to threaten to initiate new prosecutions of appellants under the same statutes, was holding public hearings at which photostatic copies of the illegally seized documents were being used, and was threatening to use other copies of the illegally seized documents to obtain grand jury indictments against the appellants on charges of violating the same statutes.  *Id.*  These circumstances, as viewed by the Court, sufficiently establish the kind of irreparable injury, above and beyond that associated with the defense of a single prosecution brought in good faith, that had always been considered sufficient to justify federal intervention.  *Id.*

The Supreme Court indicated that another unusual situation calling for federal intervention might arise where a state criminal statute is "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply it." *See* Younger, 401 U.S. at 53–54.

Case No.: 4:17cv21/WS/EMT

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>. A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No.: 4:17cv21/WS/EMT